IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RODNEY MOULDEN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-14-3506 |
| DANIEL M. TANGHERLINI, ADMINISTRATOR, U.S. GENERAL SERVICES ADMINISTRATION, | * * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Rodney Moulden ("Plaintiff" or "Moulden") brings this *pro se* action against his employer, the General Services Administration ("Defendant" or "GSA"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended 29 U.S.C. § 621, *et seq.* Moulden claims that he was discriminated against when he was not selected for three different positions within the GSA. Now pending before this Court is the Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, construed as a Motion to Dismiss (ECF No. 11). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons set forth below, the Defendant's Motion for Summary Judgment, construed as a Motion to Dismiss (ECF No. 11) is GRANTED.

## BACKGROUND

1

In ruling on a motion to dismiss, this Court must accept the factual allegations in the plaintiff's complaint as true and construe those facts in the light most favorable to the plaintiff. *See, e.g.*, *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Yet, a plaintiff's status as *pro se* does not absolve him of the duty to plead adequately. *See Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (citing *Anderson v. Univ. of Md. Sch. Of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990)).

Rodney Moulden was employed as an Asset Manager, GS-13,[1] of the Portfolio Management Division at the GSA's Office of Public Building Services facility in Washington D.C. On October 6, 2009, Moulden filed a charge ("Charge") with the Equal Employment Opportunity Commission ("EEOC"), alleging that the GSA discriminated against him on the bases of his race (African-American), sex (male), age (53 at the relevant time).

Moulden's Charge stemmed from his: 1) non-selection for a GS-14 position of Supervisory Asset Manager on June 18, 2009; 2) non-selection for a GS-14 position of Asset Manager on June 26, 2009; and 3) non-selection for a GS-14 position of Asset Manager on October 30, 2009. Moulden claimed two younger less qualified individuals, a white male and an African-American female, were improperly promoted ahead of him. Plaintiff also claimed discrimination in reprisal for his prior EEOC activity. Compl. Attach. 1, ECF 1-2. In 2008, Moulden filed an EEOC charge against his former manager, Diane Stolz ("Stolz"). This

---

[1] General Schedule (or GS) is the name of a payscale used by the majority of white collar personnel in the civil service of the federal government of the United States. *See* 5 U.S.C. § 5331-5338

earlier charge was resolved by transferring Moulden to a different supervisor. Stolz did not participate in the selection panels for any of the three positions referenced to which Moulden applied in 2009.

On December 19, 2012, following a GSA investigation and hearing concerning Moulden's EEOC Charge, an EEOC administrative law judge granted GSA's motion for summary judgment. Moulden appealed his claim to the EEOC's Office of Federal Operations ("OFO"). On August 1, 2014, the OFO upheld the decision and notified Moulden that he had "the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision." EEOC Decision 6, ECF No. 11-3. Moulden filed the subject action in this Court on November 6, 2014.

## STANDARD OF REVIEW

**Motion to Dismiss Under Rule 12(b)(1) of the Federal Rules of Civil Procedure**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

With respect to a facial challenge, a court will grant a motion to dismiss for lack of

subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F3d at 192. "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted). The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Sharafeldin v. Maryland Dept. of Public Safety & Correctional Services*, 94 F. Supp. 2d 680, 684-85 (D. Md. 2000).

## **ANALYSIS**

Plaintiff Moulden alleges discrimination based on his age, race, sex, and in reprisal for his earlier EEOC charge. Specifically, Moulden alleges that two individuals with less experience and less education, a younger white male and a younger African-American female, were promoted instead of Moulden. The Defendant claims Moulden's Complaint is untimely, thereby precluding this Court from exercising subject matter jurisdiction. To assert a cause of action under Title VII or the ADEA, a claimant must timely file suit within ninety days after receipt of a right-to-sue letter from the EEOC. *See* 29 U.S.C. § 626(e); 42 U.S.C. § 2000e–5(f)(1); *see also Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 (1984) (holding that a claimant forfeits his right to pursue a claim under Title VII if suit is not filed within ninety days). Courts strictly enforce the ninety day filing requirement, even if the

plaintiff is *pro se*. *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (explaining that an action filed ninety-one days after the claimant's wife received the notice was untimely); *see also Shelton v. Atlantic Bingo Supply Co.*, Civil A. No. DKC 11-0952, 2011 WL 4985277, at *2 (D. Md. 2011) ("Despite Plaintiff's *pro se* status, the law is clear that the ninety-day filing requirement must be strictly construed in employment discrimination cases."). However, the ninety-day period can be subject to equitable tolling, but it "is available only in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001) (internal quotation marks omitted); *see also Lear v. Giant Food Inc.*, No. JFM–95–3691, 1996 WL 726919, at *1 (D.Md. 1996) (unreported) (considering equitable tolling in the ADEA context).

In this case, the August 1, 2014 OFO Decision specifically referenced the ninety-days period and informed Moulden that receipt of the letter would be presumed within five days of mailing. EEOC Decision 6, ECF No. 1-4. Included with the Decision was a Certificate of Mailing stating that it was mailed on August 1, 2014. *Id.* Moulden does not allege that he received the Decision notifying him of his right-to-sue after August 6, 2014.[2] Consequently, Moulden was required to file an action by November 4, 2014 to meet the statutory filing deadline, ninety days after August 6, 2014. Moulden did not file by November 4, 2014, but instead filed two days later, on November 6, 2014. While GSA raised timeliness in its Motion

---

[2] This date, calculated with the five-day presumption of receipt is greater than is typically allotted. Where the date of receipt is uncertain or otherwise disputed, courts generally presume that the notice-to-sue was received within three days of the date upon which it was mailed. *Darden v. Cardinal Travel Ctr.*, 493 F. Supp. 2d 773, 775 (W.D. Va. 2007) (citing *Ish v. Arlington County, Va.*, 918 F.2d 955 (4th Cir. 1990) (unpublished)).

5

to Dismiss, Moulden did not address this contention in his Response to the Motion (ECF No. 14).³ Consequently, under the requisite strict construction of the filing requirement, Moulden's Complaint is untimely.

To prevail on equitable tolling, Moulden must show extraordinary circumstances, beyond his control or external to his own conduct, that prevented him from filing on time. *See Coleman*, 242 F. App'x at 74. In this case, Moulden has neither advanced any arguments in support of applying equitable tolling, nor has he presented this Court with any circumstances to suggest it.

In sum, Plaintiff failed to file this action within the ninety-day filing period required for actions under by Title VII or the ADEA, and presents no argument for equitable tolling. Plaintiff's Complaint is thereby untimely and will be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 11), construed as a Motion to Dismiss, is GRANTED.

A separate Order follows.


Dated:     December 15, 2015

                                        _____/s/_____

                                        Richard D. Bennett
                                        United States District Judge

---

³ In his Response to the Defendant's Motion to Dismiss (ECF No. 14), Moulden provides information on his work experience and the alleged discriminatory behavior by the Defendant. However, Moulden does not address the Defendant's timeliness argument.